# Supreme Court of Florida

No. SC2025-1347

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – PROFESSIONALISM EXPECTATIONS.**

March 19, 2026

PER CURIAM.

The Florida Bar petitions this Court to amend The Florida Bar's Professionalism Expectations.[1] The proposed amendments were approved by the Bar's Board of Governors. In accordance with Rule Regulating The Florida Bar 1-12.1(g), the Bar published the amendments in *The Florida Bar News* along with a formal notice of its intent to file this petition. No comments were received on the amendments. Having considered the Bar's petition, we adopt the amendments as proposed in the Bar's petition.

For Expectation 1.9, which addresses billing practices under certain types of representation agreements, language advising

_____

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.

lawyers to "avoid charging unnecessary expenses to the client" is deleted and moved to a newly added Expectation 1.14 to operate as a standalone expectation. Expectation 1.11, which advises that lawyers should continue to provide diligent representation until formal dissolution of the lawyer-client relationship, is amended by deleting "and the client's best interests" from "until the lawyer-client relationship is formally dissolved in compliance with the law and the client's best interests."

Expectation 2.4, which addresses timely service on the opposing party, is amended to replace the word "pleadings" with "documents required to be served." Expectation 3.11, which directs lawyers not to prevent a deponent from answering a question unless there is a legal privilege, is amended to add two other exceptions: when the instruction not to answer is "necessary to enforce a limitation on evidence directed by the court," and when the instruction is made "in connection with a motion to terminate or limit the examination of a deponent." Similarly, Expectation 4.9, which states that a lawyer should only refuse disclosure during discovery if there is a legal privilege, is amended to add "or a valid legal objection."

Regarding Expectation 4.10, which addresses disorganized, unintelligible, and inappropriate discovery responses, the phrase "in an attempt to conceal evidence" is deleted so that the lawyer's subjective intent is not the basis of the disfavored behavior. Expectation 4.20, which advises lawyers not to criticize or denigrate opposing parties, witnesses, or the court to clients, media, or members of the public, is amended to delete "criticize or."

Expectation 5.1, which currently advises lawyers to "encourage" their support personnel to abstain from rude, disruptive, and disrespectful behavior, is amended to advise the lawyer to "instruct" their support personnel to abstain from such behavior. Finally, Expectation 6.10, which instructs lawyers to "respond promptly to inquiries and communications from clients and others," is amended by deleting "and others."

Accordingly, we amend The Florida Bar's Professionalism Expectations as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments become effective May 18, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and LABARGA, COURIEL, GROSSHANS, FRANCIS, SASSO, and TANENBAUM, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Rosalyn Sia Baker-Barnes, President, Michael Fox Orr, President-elect, Joshua E. Doyle, Executive Director, Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, and Kelly N. Smith, Senior Attorney, The Florida Bar, Tallahassee, Florida,

    for Petitioner

**PROFESSIONALISM EXPECTATIONS**

**Preamble**

[No Change]

**1. Commitment to Equal Justice Under the Law and to the Public Good**

A license to practice law is a privilege that gives the lawyer a special position of trust, power, and influence in our society. This privilege requires a lawyer to use that position to promote the public good and to foster the reputation of the legal profession while protecting our system of equal justice under the law.

**Expectations:**

1.1 – 1.8  [No Change]

1.9  In any representation where the fee arrangement is other than a contingent percentage-of-recovery fee or a fixed, flat-sum fee or in which the representation is anticipated to be of more than brief duration, a lawyer should bill clients on a regular, frequent interim basis~~, and avoid charging unnecessary expenses to the client~~.

1.10  [No Change]

1.11  A lawyer must routinely keep clients informed and attempt to resolve client concerns. (*See* R. Regulating Fla. Bar 4-1.4). In the case of irreconcilable disagreements with a client, the lawyer must provide diligent representation until the lawyer-client relationship is formally dissolved in compliance with the law ~~and the client's best interests~~. (*See* R. Regulating Fla. Bar 4-1.16).

1.12 – 1.13  [No Change]

<u>1.14  In all representations, a lawyer should avoid charging unnecessary expenses to the client.</u>

## 2. Honest and Effective Communication

A lawyer's word is his or her bond. Effective communication requires lawyers to be honest, diligent, civil, and respectful in their interactions with others, including interactions in person and by video conferencing, telephone, text messaging, social media, email, online communications, and all other oral and written communications.

**Expectations:**

2.1 – 2.3  [No Change]

2.4  A lawyer must timely serve all ~~pleadings~~documents required to be served to prevent prejudice or delay to the opposing party. (*See* R. Regulating Fla. Bar 4-3.2).

2.5 – 2.18  [No Change]

## 3. Adherence to a Fundamental Sense of Honor, Integrity, and Fair Play

Courtesy, cooperation, integrity, fair play, and abiding by a sense of honor are paramount for preserving the integrity of the profession and to ensuring fair, efficient, and effective administration of justice for the public.

**Expectations:**

3.1 – 3.10  [No Change]

3.11 A lawyer must not prevent a deponent from answering questions ~~unless~~except when: a legal privilege applies; necessary to enforce a limitation on evidence directed by the court; or in connection with a motion to terminate or limit the examination of a deponent. (*See* R. Regulating Fla. Bar 4-3.4(c), 4-1.6, and Fla. R. Civ. P. 1.310(c)).

3.12 – 3.18  [No Change]

## 4. Fair and Efficient Administration of Justice

The just, speedy, and inexpensive determination of every controversy is necessary to preserve our system of justice.

**Expectations:**

4.1 – 4.8  [No Change]

4.9  A lawyer should assure that responses to proper discovery requests are timely, complete, and consistent with the obvious intent of the request. A lawyer should not avoid disclosure unless a legal privilege or a valid legal objection prevents disclosure.

4.10  A lawyer should not respond to discovery requests in a disorganized, unintelligible, or inappropriate manner, ~~in an attempt to conceal evidence~~.

4.11 – 4.19  [No Change]

4.20  A lawyer must not ~~criticize or~~ denigrate opposing parties, witnesses, or the court to clients, media, or members of the public. (*See* R. Regulating Fla. Bar 4-8.2(a) and 4-8.4(d)).

## 5. Decorum and Courtesy

When lawyers display reverence for the law, the judicial system, and the legal profession by acting with respect, decorum, and courtesy, including interactions in person and by video conferencing, they earn the trust of the public and help to preserve faith in the operation of a fair judicial system.

**Expectations:**

5.1  A lawyer should abstain from rude, disruptive, and disrespectful behavior and should instruct support personnel to do the same. The lawyer should also encourage clients ~~and support personnel~~ to do the same.

5.2 – 5.10  [No Change]

## 6. Respect for the Time and Commitments of Others

Respecting the time and commitments of others is essential to the efficient and fair resolution of legal matters.

**Expectations:**

6.1 – 6.9  [No Change]

6.10 A lawyer must respond promptly to inquiries and communications from clients and others. (*See* R. Regulating Fla. Bar 4-1.4.)

## 7. Independence of Judgment

An enduring value of a lawyer's service is grounded in the lawyer's willingness to exercise independent judgment in practice and while giving the client advice and counsel.

**Expectations:**

7.1 – 7.6  [No Change]

**History**

[No Change]